hKLIEBERT, Chief Judge.
Plaintiff-appellant, Linda Smith, was a bakery supervisor at Schwegmann’s when she slipped and fell, injuring her back and neck. She was paid compensation benefits from September 9, 1990 to May 5, 1991, in the amount of $7,586.45, plus medicals of $11,475.76. She was released to return to work on September 19, 1990. She claimed continued disability and had a hearing before a hearing officer. She now appeals his dismissal of her claim against Schwegmann’s for her alleged psychological illness, somatoform pain disorder.
The specific issue before the hearing officer was whether plaintiff was psychologically disabled and whether this disability was caused by her job injury. After reviewing testimony and medical evidence, the hearing officer determined that plaintiff had failed to prove her allegations that her depression and accompanying psychological illness were caused by her work accident of September 7, 1990. After reviewing the record in its entirety, we agree with the trial court’s conclusions and affirm his judgment.
A mental injury or illness caused by a physical injury to the employee’s body shall not be considered a personal injury by an accident arising out of and in the course of employment and is not 12compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence. LSA-R.S. 23:1021(7)(c) (emphasis supplied). Plaintiff must prove both a mental injury that resulted from a physical injury, and a causal link between the physical and mental injury. Bernard v. O’Leary Brothers Signs, Inc., 606 So.2d 1331 (La.App. 3rd Cir.1992).
Plaintiff slipped and fell on some grease while employed as a bakery supervisor. She had been employed by Schwegmann’s for over six years in different positions, with a good work history. She had no previously reported psychological history. Plaintiff had a high school education and one year of study at UNO in the nursing program. Shortly after the accident, Smith’s husband left her, causing plaintiff and her two children to move in with her elderly and ailing parents. Plaintiff has not received any child support from her husband.
The plaintiffs treatment history is fully detailed by the trial court’s reasons for judgment as follows:

REASONS FOR JUDGMENT

⅜ ⅜: ⅜ ⅜ ⅜ ⅜
*1100 Immediately after the accident claimant was sent to Fesher-Robin Medical Center, where she was seen by Dr. Morris Levy. An initial visit on September 7th was diagnosed as a contusion of the right leg. She revisited his office many times and was referred to Dr. Robert Mímeles, an Ortho-paedic Surgeon, by Dr. Levy on September 20,1990. Her history was taken and a physical exam performed. She complained of pain but there was no objective evidence of same. All exams were negative. A CT scan was ordered. On September 27, 1990 she returned. The CT scan was negative and her left knee was totally normal. She was released to return to work in one week. An EMG nerve conduction study was ordered, but never done. On October 4, 1990, she returned with complaints of low back pain; but no pain down the left upper extremity. She was told to return to Dr. Levy on October 8, 1990, with Dr. Mímeles’ recommendation that she be released back to full gainful employment.
On October 16, 1990, claimant was seen by Dr. Mitchell Harris, an Orthopaedic Surgeon, at the request of her attorneys. Her history was taken (along with the notes of Drs. Levy and Mímeles), and she complained of pain in her back, left leg pain, and both hip and knee areas. A physical exam was performed on “a morbidly obese female”. (Tr. p. 14). There was extreme difficulty in getting claimant to fully cooperate or at least to be consistent in her efforts. When asked by counsel if it were possible that claimant was making the pain up or malingering (Def. E. p. 20), the doctor stated he couldn’t say where the pain was coming from. He reviewed x-rays, knee films, lumbar spine films, a CAT lascan, and other doctors’ reports, and could find nothing objectively wrong that would point to any reason why she was complaining of pain. His findings were not consistent with her complaints. He would not release someone to return to work that was in pain. (p. 33). He found nothing physically wrong with her.
On December 18, 1990, she returned to his office with complaints of back pain with numbness in her left leg and left arm. She also had neck pain and left knee pain. She was seen again on February 15,1991. She had undergone physical therapy for six weeks, and had improved to the point where she could walk more smoothly. Yet, she had complaints of low back pain and cervical thoracic pain. She did not follow the doctor’s directions in regards to therapy and consultation. Dr. Harris diagnosed her injury as a back strain.
Dr. Bert R. Bratton, a Neurosurgeon, first saw claimant on November 12, 1991 for evaluation of headaches, neck pain, left shoulder pain, numbness of the left arm extending into the left hand, low back pain, left leg pain, numbness and tingling of the left leg and occasional right leg pain. After her history was taken, a review of clinical symptoms and reports, Dr. Bratton feels that she is exaggerating her findings in an attempt to worsen her condition. (Def. C).
Claimant was seen by Dr. John Jackson on August 22,1992. To this doctor her list of complaints and pain grew larger, (from the toes of her left foot up to the left side of her skull — p. 2). He found all tests to be normal. On March 6, 1992, his report suggests claimant be evaluated by a psychiatrist.
Claimant was then referred to Dr. Oliver Sanders, a Board Certified Psychiatrist, on March 25, 1992. He had access to previous medical reports, examinations, and tests, but didn’t read them until after his psychiatric evaluation. Her history was taken, an SAS test to determine her level of anxiety was given; (extreme anxiety revealed), and an SDS was given to determine her level of depression. (Extreme depression revealed). His diagnosis was that of somatoform pain disorder. (P. 3).
Ms. Smith was sent to see Dr. Richard R. Roniger, a Board Certified Psychiatrist, on June 4, 1992. Reports of other doctors were furnished. His diagnosis was that he found no psychiatric illness in Linda Smith. Due to the fact that we now had a difference of opinion, claimant was referred to Dr. Thomas J. Honey, (sic) Jr., a Clinical Psychiatrist, by order of the Workers’ Compensation Hearing Officer, under the provisions of R.S. 23:1123. He per *1101 formed many tests on Ms. Smith, as outlined in his report (Def. Exh. C), and his opinion is that she did not answer questions put to her honestly and she is feigning her illness. All data strongly points to malingering of a psychological disorder. There is a marked discrepancy between the person’s claimed stress, depression or disability and the objective findings.
Ms. Smith applied for Social Security Disability and was sent to see Dr. Edmond M. Lawton, a Clinical Psychologist. He first saw her on September 80, 1992 and his deposition was entered into evidence as P. 4. His evaluation of her was that she showed a somatoform pain disorder, suffering from depression, with suicidal ideation. He could not say what caused these problems. He further defined somatoform pain disorder as ajjsubjective complaint of pain when there’s really nothing clinically wrong with the patient. (P. 4, p. 27).
The last witness offered by the defense was the testimony of Andre Rogus, Jr., who handles worker’s compensation claims for Schwegmanns Giant Supermarket, who is self-insured. He testified that worker’s compensation benefits were paid through May 19, 1991, and was terminated when Dr. Mímeles felt she could return to work. Employment was offered to her but she refused. All medicals have been paid except for Dr. Sanders. He has never received that bill.
A Rehab Specialist, Mr. Todd Capiolario was employed to identify jobs that claimant could do. A Job market survey was also done. Claimant refused any job offers contending she was in pain. Further, claimant was unwilling to participate in any vocational rehabilitation services.
This Court is being asked to determine if claimant is entitled to receive TTD beyond May 19, 1991, because of her pain and injury. All of Ms. Smith’s complaints were subjective. Each time she went to a new doctor, her list of complaints were greater. This Court feels that Ms. Smith was trying to make herself sick. She has been classified as exaggerating her complaints by Dr. Bratton. She confused Dr. John Jackson to the point where he sent her to a psychiatrist. (Dr. Sanders). He in turn diagnosed somatoform pain disorder, which was defined as a subjective complaint of pain where there is nothing clinically wrong with the patient. Dr. Thomas Hannie, Jr. testified in his deposition that claimant is feigning her illness.
Most of the doctors agreed that Ms. Smith is in a depressed mood at present, but none can prove that the accident of September 7, 1990 caused this depression. Claimant has therefore failed to prove her allegations.
Here, counsel for plaintiff contends that the trial court erred in finding plaintiff failed to prove her psychiatric illness was caused by her job injury, and additionally committed manifest error in not giving the testimony of plaintiffs treating physician, Dr. Sanders, greater weight.
Out of four treating mental health care professionals, only two, Dr. Sanders and Dr. Lawton, diagnosed somatoform pain disorder. Very importantly, neither one could state with any certainty whether or not the 1990 job injury caused the mental condition. Dr. Sanders testified in deposition that the job injury seemed to be the most likely explanation for the somatoform pain disorder, because he couldn’t pinpoint anything else. However, he said it was possible that the cause could be something else, and could even be possible that she didn’t want to return to work. Dr. Sanders noted that the plaintiff was also undergoing a divorce, and Iswas living with elderly parents who were not physically well themselves.
Dr. Lawton, the psychologist with Social Security, examined the plaintiff to determine eligibility for social security benefits, and also diagnosed somatoform pain disorder. He refused to make any determination regarding the causal link between plaintiffs job injury and later mental condition.
Under LSA-R.S. 23:1021(7)(c), plaintiff must prove not only a mental injury but a causal link between the physical injury and the mental injury. (Emphasis supplied). Bernard v. O’Leary Brothers Signs, Inc., supra. The trial court’s reasons for judgment do suggest that it accepted plaintiffs *1102 proof of the depression, contrary to plaintiffs first assignment of error. However, the court found that none of the doctors could definitely link plaintiffs somatoform pain disorder, first diagnosed in 1992, with the job injury in 1990.
Plaintiff argues that the trial court should have given Dr. Sanders’ testimony greater weight. It appears she confuses the evidentiary maxim that a treating physician’s testimony is entitled to greater weight than that of a non-treating physician. There is no evidence that the trial judge gave less or equal weight to Dr. Sanders’ opinion, which was not strong regarding the causal link between the mental and physical injury. Under the heightened burden of proof by clear and convincing evidence, Dr. Sanders’ testimony fell short of establishing plaintiffs case.
Therefore, for the reasons assigned, the judgment of the trial court is affirmed and all costs of this appeal are taxed to plaintiff.

AFFIRMED.